IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JASON WANEK, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 05 C 4775 |
| | ) | |
| v. | ) | Magistrate Judge Nolan |
| | ) | |
| C. M. A. MORTGAGE, INC., d/b/a | ) | |
| EMINENT MORTGAGE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION TO ENFORCE
SETTLEMENT AGREEMENT AND ENTER JUDGMENT**

Plaintiff, Jason Wanek, respectfully requests that this Court enforce the class action settlement between Plaintiff and Defendant C.M.A. Mortgage, Inc., d/b/a Eminent Mortgage Company. Plaintiff further requests that the Court enter a judgment in favor of Plaintiff and the class and against Defendant in the amount of $2,999,000, enforceable only against the proceeds of Defendant's Insurance Policy, and an additional $200,000 for cost of notice to the class, such amount being enforceable against American Family Mutual Insurance Company. In support thereof, Plaintiff states:

1. On April 12, 2007, Plaintiff and Defendant reached an agreement to settle Plaintiff's claims, as set forth in the Agreement. Appendix A. The terms of the agreement were drafted by Defendant's counsel (Appendix B), which Plaintiff accepted in substantial part, but redrafted to include a 12% rate of accuracy with respect to the class size. (Appendix C, *See* ¶8 in both agreements). The final agreement was signed by all parties involved. (Appendix C).

2. The settlement agreement entered into between the parties contemplates

1

the following terms and conditions:

    a. <u>Class Certification</u>.  Certification of a Settlement Class (the "Class") for settlement purposes, consisting of: All persons (a) with Illinois or Wisconsin addresses (b) to whom Defendant sent or caused to be sent form prescreened offers of credit (c) on or after June 28, 2003 in Illinois or on or after November 20, 2004 in Wisconsin and (d) who did not obtain credit in response thereto.  There are approximately 425,000 Class members, according to Defendant's records.

    For purposes of settlement, the Settlement Class will subsume a smaller, Wisconsin only, class action *Forrest v. CMA Mortgage, Inc.*, Case No. 06 C 0014 (E.D. Wis.).  The *Forrest* class was certified in Wisconsin on January 19, 2007.  Counsel for *Forrest* has been notified and has agreed to merge the two classes.  (See <u>Appendix C</u>).

    b. <u>Relief to Plaintiff and the Class</u>.  Defendant CMA Mortgage agreed to allow a judgment to be entered in favor of the Plaintiff and the Class in the amount of $2,999,000.  This judgment will be enforceable only against the proceeds of Defendant's Insurance Policy and from no other source whatsoever.  Defendant CMA Mortgage assigned to Plaintiff on behalf of the class its rights under any and all applicable insurance policies (including the American Family Mutual Insurance Company policy No. 13-X15281-01), from which Plaintiff will seek to recover.

    Defendant agreed to pay the sum of $200,000 (the "Notice Payment") for the costs of notice to the Settlement Class to be issued by U.S. mail and for claims administration.  In the event that the settlement does not receive final approval, Defendant will be given a credit in the amount of $200,000 for any judgment that may ultimately be entered

against it. Plaintiff agreed that in the event that Plaintiff and the class recover $2,000,000 or more from American Family Insurance, that they will reimburse Defendant for the costs of notice and class administration up to $200,000.

The $2,999,000 judgment or any lesser amount agreed upon (the "Class Fund") obtained through litigation with the Insurer shall be distributed as follows, subject to Court approval: (a) Plaintiff will receive payment of $3,000, from the Class Fund for his statutory damages and role as Class representative; (b) payment to Plaintiff's Counsel of 30% of the Class Fund as attorney's fees and costs, discussed below in ¶5(c), subject to Court approval; (c) payment of costs necessary for the distribution of the settlement as well as any costs incurred for mailing notice and administration of the settlement in excess of $200,000; and (d) payment of the balance of the Class Fund on a *pro rata* basis between each of the Class members who do not exclude themselves and who return a claim form by the deadline set by the Court. However, no payment to any Class member shall exceed $1,000. If any portion of the Class Fund remains as a result of uncashed checks, or the $1,000 limit having been reached, these remaining funds will be donated in the form of a *cy pres* award, to be paid as follows: 50% to Legal Assistance Foundation of Metropolitan Chicago and 50% to the Cystic Fibrosis Foundation, subject to court approval.

    c. <u>Attorney's Fees and Costs</u>. Subject to Court approval, Class Counsel will request an amount not to exceed 30% of the Class Settlement Fund recovered from the Insurer. The settlement subsumes the smaller Wisconsin class action, *Forrest v. CMA Mortgage, Inc.*, Case No. 06 C 0014 (E.D. Wis.). The amount awarded for fees here will pay all claims for attorney's fees against Defendant in both *Wanek* and *Forrest.*

d. <u>Class Notice</u>. Within 30 days following the receipt of the class list and Notice Payment, Plaintiff will give or cause to be given notice of the settlement to the Settlement Class via U.S. Post mail. Those Class members who submit a claim form within forty-five (45) days of the mailing of Class notice will be entitled to receive a *pro rata* share of the Class Fund. Defendant CMA Mortgage will bear the costs associated with Class notice, up to $200,000.

e. <u>Class Members' Right to Opt Out</u>. Any Class member may seek to be excluded from the Agreement and the settlement by opting out of the Class within the time period sent by this Court.

3. A Preliminary Approval Hearing was set for June 20, 2007. Counsel for Defendant indicated that he was not able to review the documents in time for the June 20, 2007 hearing. Plaintiff requested that the date be extended to allow Defendant sufficient time to review all the documents for preliminary approval.

4. A second Preliminary Approval Hearing was set for July 11, 2007. Counsel for Defendant appeared on that date and again indicated that he was not prepared to move forward with the Preliminary Approval Hearing. The Court again reset the matter until August 1, 2007.

5. On August 1, 2007, Counsel for Defendant again requested that the date of Preliminary Approval be postponed. The Court reset the Preliminary Approval Hearing for a third time to August 21, 2007.

6. On August 21, 2007, Counsel for Defendant again requested postponing the Preliminary Approval Hearing, claiming that he still had not had time to review the

documents. The Court reset the Preliminary Approval Hearing for a fourth time to September 25, 2007.

7. On September 25, 2007, Counsel for Defendant appeared in court and again indicated that he was not prepared for the Preliminary Approval Hearing as he had not reviewed the documents. Counsel for Defendant indicated that he would be able to review the documents by September 28, 2007 and provide any changes or comments to Plaintiff's counsel at that time. Counsel for Defendant assured Plaintiff and the Court that he would be prepared for a Preliminary Approval Hearing in the first week of October. The Court reset the Preliminary Approval Hearing to October 4, 2007.

8. On October 2, 2007, Counsel for Defendant indicated that he would not go through with the Preliminary Approval Hearing until a decision came down on the Motions for Summary Judgment in the related declaratory judgment action against its insurer, American Family Insurance Company.

9. Wanek requested that the Settlement Agreement be enforced despite CMA's request to delay until a decision was made in the Indiana action.

10. During the Motion Hearings held on October 4, 2007 and October 18, 2007, the Court was informed of Defendant's small remaining net worth and declining financial situation. This information was also provided in Plaintiff's Motion for Preliminary Approval. (Dkt. No. 120).

11. Despite Plaintiff's objection, on October 19, 2007 the Court held that "Wanek has not shown that beginning approval proceedings and sending out class notice in this case prior to resolution of the insurance coverage dispute will be in the best interest of the class

5

members.  Approval of the class settlement now does not provide any immediate benefit to class members."  (Appendix D, Dkt. No. 128).  Plaintiff's Motion for Preliminary Approval of Class Settlement and Notice to the Class, and to Amend Plaintiff's Complaint and Class Definition was denied without prejudice to reassertion after resolution of the insurance coverage dispute.  (Id.).

12. On March 31, 2008, Judge Barker entered a ruling on the Cross Motions for Summary Judgment in the related insurance coverage case.  (Appendix E).  Judge Barker granted summary judgment in favor of Wanek and C.M.A. and denied the cross motion for summary judgment by American Family.

13. Counsel for Plaintiff promptly notified the Court and Counsel for Defendant of the decision.

14. On or about April 7, 2008, Counsel for Defendant informed Counsel for Plaintiff that Defendant is no longer financially capable of providing notice to the class.

15. The class consists of approximately 425,000 members and will cost approximately $200,000.

16. The class members are entitled to notice of the settlement.

17. Given the Seventh Circuit's recent decision in *Murray v. New Cingular Wireless Services, Inc.*, Case Nos. 06-2477, 06- 4368, and 07-2370 (7th Cir., April 16, 2008) (Appendix F), the proposed settlement and judgment are in the best interest of the class.

WHEREFORE, Plaintiff respectfully requests that this Court enforce the class action settlement between Plaintiff and Defendant C.M.A. Mortgage, Inc., d/b/a Eminent Mortgage Company.  Plaintiff further requests that the Court enter a judgment in favor of Plaintiff and the class and against Defendant in the amount of $2,999,000, enforceable only

against the proceeds of Defendant's Insurance Policy, and an additional $200,000 for cost of notice to the class, such amount being enforceable against American Family Mutual Insurance Company.

Respectfully submitted,

s/ Cassandra P. Miller
Cassandra P. Miller

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 South LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

**CERTIFICATE OF SERVICE**

       I, Cassandra P. Miller, hereby certify that on April 16, 2008, **PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AND ENTER JUDGMENT** was filed electronically using the Court's CM/ECF system which will send notice to the following:

Bart Thomas Murphy
Ice Miller LLP
2300 Cabot Drive
Suite 455
Lisle, IL 60532
(630)955-6392
bart.murphy@icemiller.com

       I, Cassandra P. Miller, also hereby certify that on April 16, 2008, I caused to be served via facsimile and U.S. Mail the preceding document upon:

Robert O'Reilly
Ademi & O'Reilly
3620 East Layton Ave.
Cudahy, WI 53110
414-482-8001 (FAX)

                                                s/ Cassandra P. Miller
                                                Cassandra P. Miller

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 South LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)